UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SUZANNE E. JAMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. |
| v. | ) | |
| | ) | |
| CAPITAL SENIOR LIVING, INC., | ) | |
| d/b/a  GEORGETOWNE PLACE, | ) | |
| | ) | |
| Defendant. | ) | |

1 : 11 C V 0 6 9 JTM

## COMPLAINT

COMES NOW Plaintiff, by counsel, and alleges against Defendant that:

1. The Plaintiff is Suzanne E. James, a resident of Allen County, Fort Wayne, Indiana, and an employee of the Defendant's, at all material times to this Complaint.

2. The Defendant is Capital Senior Living, Inc., d/b/a Georgetowne Place, a company doing business at 1717 Maplecrest Road, Fort Wayne, Indiana 46815. The Defendant is an "employer" for the purposes of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq. ("ADA"), and the Family Medical Leave Act of 1993, 29 U.S.C. §2601 et seq., ("FMLA")

3. The Plaintiff filed her Charge of Discrimination, EEOC No. 470-2010-01311 on February 5, 2010, a copy of which is attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued its Dismissal and Notice of Rights/Notice of Suit Rights on November 30, 2010, a copy of which is attached hereto as Exhibit "B". All administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this suit.

4. The Plaintiff was the Marketing Director for the Defendant at the time of her separation from employment. Prior to her discharge, the Plaintiff suffered from a serious medical condition which constituted a disability/perceived disability/record of impairment, involving recurrent problems with her knees. This condition caused the Plaintiff to suffer substantial impairment with respect to her everyday activity of walking, and culminated in the Plaintiff having to receive total knee replacement surgery, which led to the Plaintiff taking medical leave and time off of work to rehabilitate and convalesce.

5. Shortly after it became apparent to the Defendant that the Plaintiff was having trouble walking, and the Plaintiff made it clear that she needed knee replacement surgery and was going to be needing FMLA, the Defendant submitted three work (3) "action plans" to the Plaintiff that she was to proceed with.

6. Prior to the Plaintiff going on medical leave, it became apparent to her superiors that she was having difficulties walking. She received FMLA in January or February, 2009, returning to work on or about April 15, 2009. While Plaintiff was still on leave, the Defendant published an advertisement in the newspaper for a new Marketing Director, in an attempt to preemptively fill the Plaintiff's position, even though the Plaintiff had every intention and ability to return to work at the end of her leave. The Defendant then hired the Plaintiff's replacement. When the Plaintiff saw the newspaper advertisement, she called her employer, and was informed that the ad was meant to be for a "part-time" not full-time position, in order to fill in for the Plaintiff while the Plaintiff was recovering. This was false, though, and when the

Plaintiff returned to work, this new employee had actually moved into the Plaintiff's desk, and was displaying photos of her own family on the desk, making clear that the intentions had been for the new employee to be staying on as the Marketing Director.

7. Also, upon the Plaintiff's return to work, the Defendant submitted a fourth action plan to her. This fourth action plan included an almost impossible task - Plaintiff was to produce four (4) move-ins to the Defendant's property, within a month.

8. The Plaintiff was terminated on May 27, 2009. The Plaintiff contends she was discriminated against and terminated due to her disability, in violation of her rights under the ADA. The Plaintiff additionally contends that she was retaliated against for being disabled and trying to engage in the interactive process, which included requesting time off of work she was entitled to receive under the FMLA as a reasonable accommodation, in violation of her rights under the ADA:

   a. There is suspicious timing between the Defendant's knowledge of the Plaintiff's disability, and the Defendant's decision to subject the Plaintiff to action plans, and ultimately termination;

   b. The Defendant provided false information to the Plaintiff regarding the purpose of hiring a new "Marketing Director Assistant" when the Plaintiff took her leave of absence to attend to her serious health condition/disability;

   c. The Plaintiff had been performing within the reasonable expectations of the employer at the time of her termination;

   d. The Defendant subjected the Plaintiff to unrealistic and significantly more severe performance requirements, than similarly situated individuals with no

        disability/perceived disability/record of impairment.

   e.    The Plaintiff was replaced by an individual that lacked a disability/perceived disability/record of impairment.

9.    In the alternative, the Plaintiff contends she was discriminated against and terminated by the Defendant for asserting her rights to FMLA benefits she was entitled to receive, and in order to interfere with her rights to utilize substantive benefits available to her under the FMLA:

   a.    The Plaintiff performed within the reasonable expectations of her employer at the time of her separation from employment;

   b.    Once the Defendant knew that the Plaintiff needed to utilize FMLA benefits, Defendant subjected her to multiple unjustified action plans;

   c.    At the time of separation from employment, she still had more FMLA available to use, if needed, but could not use it once terminated;

   d.    Upon the Plaintiff's return from FMLA leave, the Defendant subjected her to a fourth action plan, with unrealistic, and excessively harsh performance requirements, which similarly situated individuals who had not taken FMLA were not subjected to;

   e.    The Plaintiff was replaced by an individual who had not used FMLA, and whom the Defendant had told the Plaintiff had only been hired to "assist" while the Plaintiff recuperated from her surgery;

   f.    The Plaintiff's replacement was hired even while the Plaintiff was still on FMLA leave, showing the Defendant never intended to give the Plaintiff her

      job back once she took FMLA.

10.  The Defendant's unlawful, discriminatory and/or retaliatory conduct was the direct and proximate cause of the Plaintiff suffering the loss of her job and job related benefits, including income, and subjected the Plaintiff to inconvenience, mental anguish, emotional distress, and other damages and injuries.

11.  The Defendant's discriminatory and/or retaliatory conduct was also intentional, knowing, willful, wanton, and in reckless disregard of the Plaintiff's federally protected rights under the ADA and FMLA, entitling the Plaintiff to punitive damages (where available) and liquidated damages (where available).

WHEREFORE, the Plaintiff respectfully prays for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

_/s/ Ilene M. Smith_

Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802-2307
Telephone: (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:       cmyers@myers-law.com
Attorney for Plaintiff

IMS/mms
S:\James, Suzanne\Pleadings\Complaint.wpd

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>☒ EEOC | |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION          and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | |
|---|---|---|
| Ms. Suzanne James | (260) 456-9294 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 924 W. Oakdale Dr. | Fort Wayne, IN 46807 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Capital Senior Living, Inc., d/b/a Georgetowne Place | 50+ | (260) 493-6927 |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 1717 Maplecrest Rd. | Fort Wayne, IN 46815 | Allen |

| NAME | TELEPHONE NUMBER (Include Area Code) | |
|---|---|---|
| Capital Senior Management II | (972) 770-5600 | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
| 14160 Dallas Parkway | Dallas, TX 75240 | Dallas |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)):
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST                LATEST
April 2009 - May 27, 2009
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant, Suzanne E. James, claims that she was discriminated against and discharged on account of her disability, reccurring problems with her knees, which caused her to suffer a substantial impairment with respect to her everyday life activity of walking, all of which culminated in Complainant receiving a total knee replacement surgery for which Plaintiff received medical leave and time off work to rehabilitate and convalesce.

II. Complainant was Marketing Director for Respondent, Georgetowne Place, and it became apparent to the managers/supervisors at Georgetowne Place that Complainant had difficulties walking. Complainant received FMLA in January/February 2009 and returned to work on or about April 15, 2009. While Complainant was off work, Respondent published an advertisement in the newspaper for a Marketing Director at Georgetowne Place--Complainant's job! Complainant called her employer and was told that the ad was meant to be "Part Time" not Full Time. This was a lie because when Complainant returned to work, the "new" Marketing Director was at Complainant's desk, photographs of her family were on Complainant's desk, and it was quite apparent that the "new" Marketing Director was there to stay.

"continued"

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements)<br>*Susan C. Nill*<br>Resident of _Adams_ County   My Commission Expires: 4/7/2016<br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct.<br>*Suzanne E James*<br>Date: 2-5-10   Charging Party (Signature) | SIGNATURE OF COMPLAINANT<br>*Suzanne E James*<br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Date, month, and year)   2-5-10 |

EEOC FORM 5 (Rev. 3/01)

Charge of Discrimination

Re:   Suzanne E. James

Page 2

III. When Complainant returned to work on or about April 15, 2009, she was given a "fourth" action plan (the other three action plans occurred shortly after she made it apparent that walking was difficult, that she needed a knee replacement surgery, and was going on FMLA). The "fourth" action plan was not given to her until *after* Respondent hired a replacement. The "fourth" action plan included an almost impossible task--Complainant would have to produce four move-ins within the month (this requirement of having to produce four move-ins within a month was not required of Complainant's replacement).

IV. On May 27, 2009 Complainant was terminated. Complainant alleges that she was terminated on account of her disability, that Complainant was a qualified individual with a disability, and that in the alternative she was perceived and regarded as being disabled, and as a result of the FMLA paperwork and other medical information provided to her employer, Respondent used Complainant's record of impairment against Complainant in viewing her and treating her as if she were disabled. Additionally, Complainant alleges that she was retaliated against for being disabled and trying to engage in the interactive process, including requesting time off work under the FMLA which was a reasonable accommodation, but that she was ultimately terminated for having engaged in the protected activity of seeking reasonable accommodations under the ADA.

V. As a direct result of the discrimination and retaliation by Respondent, Complainant suffered a loss of her job and job-related benefits including income. Respondent acted intentionally and in deliberate disregard of Complainant's federally protected civil rights, entitling Complainant to punitive damages. Complainant suffered stress, embarrassment, humiliation, anxiety, mental anguish, inconvenience, and other losses and injuries, such that Complainant is deserving of compensatory damages in addition to back-pay.

*[signature]*
Initials

EEOC Form 161 (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Suzanne James<br>924 W. Oakdale Drive<br>Fort Wayne, IN 46807 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2010-01311 | Randy G. Poynter,<br>Enforcement Supervisor | (317) 226-5670 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that** occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Webster N. Smith,
Acting District Director

NOV 3 0 2010
(Date Mailed)

Enclosures(s)

cc:    Mr. James Hull, SPHR            Mr. Christopher C. Meyers
       Director of Employment Relations   MEYERS & ASSOCIATES
       CAPITAL SENIOR LIVING, INC.    809 South Calhoun Street, Suite 400
       14160 Dallas Parkway, Suite 300   Fort Wayne, IN 46802
       Dallas, TX 75254

Exhibit B